UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES A. BENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-01373-SEB-TAB |
| ) | |
| TRENT ALLEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Charles A. Benson's petition for a writ of habeas corpus challenges his disciplinary conviction in Indiana Department of Correction disciplinary case number ISR-24-04-000960. He has filed a motion for leave of Court and permission to engage in written discovery, dkt. 14, and a motion requesting this Court for permission to expand the record. Dkt. 13. For the reasons set forth below, both motions are **denied**.

**I. Motion for Leave of Court and Permission to Engage in Written Discovery**

Under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "may, for good cause, authorize a party to conduct discovery[.]" For the Court to grant leave for discovery, Petitioner "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify and requested documents." 28 U.S.C. § 2254, R. Governing § 2254 Cases 6(b). To be entitled to discovery, Petitioner must make specific factual allegations that demonstrate that there is good reason to believe that he may, through discovery, be able to garner sufficient evidence to entitle him to relief. *Bracey v. Gramley*, 520 U.S. 899, 908-09 (1997).

1

Petitioner submits no allegations that the discovery he seeks would garner sufficient evidence to entitle him to relief. He moves to: (1) propound interrogatories—not included with the motion—on Respondent and a non-party witness; and (2) review a video of when a paper was provided to him for signature. Dkt. 14. First, such a motion "must . . . include any proposed interrogatories[,]" 28 U.S.C. § 2254, R. Governing § 2254 Cases 6(b), and Petitioner fails to do so. As to interrogatories, the motion must be denied.

Second, Petitioner asserts that the video he seeks will "support his claim of [a disciplinary hearing officer] walking off within 10-15 seconds after handing [him] the paper to sign." Dkt. 13 at 2. The Court interprets "the paper" to be the subject disciplinary hearing report. *See* dkt. 1 at 3 (4). However, this would not be sufficient evidence to entitle him to relief. Petitioner does not aver in his petition or reply that the hearing officer left his cell within ten to fifteen seconds after handing him the reports. *See* dkts. 1, 11. Petitioner does allege that the report on the record, dkt. 10-4, is not the report he received and signed, but his motion does not imply the video would resolve this fact dispute. The time after which the hearing officer left alone does not implicate Petitioner's due process rights, and the Court finds no good cause to authorize Petitioner to conduct discovery of the video. Petitioner's motion for leave of Court and permission to engage in written discovery, dkt. 14, is **denied**.

## II. Motion Requesting this Court for Permission to Expand the Record

Under Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "may direct the parties to expand the record by submitting additional materials relating to the petition." Petitioner moves the Court to direct Respondent to expand the record by submitting: (1) video footage which shows Petitioner timely requested the Warden to preserve the aforementioned video of the hearing officer leaving his cell after handing him the report; (2) a

complaint Petitioner submitted after the event which lead to his disciplinary conviction; and (3) any reports related to said complaint. Dkt. 13 at 2. "The purpose [of Rule 7] is to enable the [Court] to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Advisory Committee note to 28 U.S.C. § 2254, R. Governing § 2254 Cases 7. The purpose of the rule is, in short, to eliminate some unnecessary evidentiary hearings. *See id.*; *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977). The materials which Petitioner seeks to be added to the record do not impact the viability of his petition or resolve whether due process violations occurred at his disciplinary hearing. Accordingly, Petitioner's motion for permission to expand the record, dkt. 13, is **denied**.

Petitioner's motions for leave of Court and permission to engage in written discovery, dkt. [14], and requesting this Court for permission to expand the record, dkt. [13], are **denied**. The habeas corpus petition will be ruled on in due course.

IT IS SO ORDERED.

Date: 12/18/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES A. BENSON
202702
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov